UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVELIN ULLOA<br><br>Plaintiff,<br><br>v.<br><br>J&N AUTO SERVICES, INC;<br>JOSEPH FARES; and NEMER HBAITER<br><br>Defendants. | Civil Action No. 22-10598 |

**COMPLAINT AND JURY DEMAND**

**Introduction**

1. Plaintiff Evelin Ulloa ("Plaintiff" or "Ms. Ulloa") brings this action to recover unpaid wages and overtime pay for work she performed for Defendants J&N Auto Services, Inc, Joseph Fares, and Nemer Hbaiter (collectively, "Defendants"). During Ms. Ulloa's employment from October 2020 to September 2021, Defendants paid her a flat rate of $15 per hour for 46 scheduled hours each week. Defendants failed to pay her for the time she worked outside of her schedule and failed to pay her an overtime premium for hours in excess of 40 per week. Knowing they were breaking the law, Defendants engaged in intentional acts to cover up their violations by paying her partly by company check and partly in cash.

2. As a result, Ms. Ulloa brings this action seeking wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and under the Massachusetts Wage Act, M. G. L. c. 149 § 148 and M.G. L. c. 151 §1A. Plaintiff seeks, among

1

other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

## Parties

3. Plaintiff Evelin Ulloa resides at 84 Broadway, Haverhill, MA 01832. She worked for Defendants as a cashier from October 2020 to September 2021.

4. Defendant J&N Auto Services, Inc ("J&N Auto") is a domestic corporation with a principal office at 140 Andover St. Danvers, MA 01923.

5. Defendant Joseph Fares ("Defendant Fares") resides at 30 Fletcher Rd. Windham, NH 03087 and is President of J&N Auto according to its corporate registration with the Secretary of State. Defendant Fares is an employer for purposes of the Massachusetts wage laws and the FLSA. He substantially controls policies and practices of J&N Auto at issue in this case.

6. Defendant Nemer Hbaiter ("Defendant Hbaiter") resides at 11 Bridge St. Methuen, MA 01844 and substantially controlled and directed the work of Plaintiff on behalf of J&N Auto. He is the Treasurer of J&N Auto according to its corporate registration with the Secretary of State. Defendant Hbaiter is an employer for purposes of the Massachusetts wage laws and the FLSA.

7. During the relevant time period, J&N Auto was an enterprise engaged in interstate commerce under FLSA and the regulations interpreting FLSA because it purchased or shipped automobiles, automobile parts, and gasoline across state lines.

8. On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

9. Defendants regularly transacted business in this district during the relevant time period.

10. Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA, the Massachusetts Minimum Wage Act, and the Massachusetts Wage Act.

## Jurisdiction and Venue

11. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 216(b).

12. This Honorable Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

14. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Statement of Facts

15. Defendant Hbaiter is the general manager of J&N Auto and managed its daily operations and signed payroll checks.

16. When Defendant Hbaiter or another employee was away for some reason, Defendant Fares filled in.

17. Defendants' business is repairing and inspecting automobiles, selling drinks and snacks, and selling gasoline.

18. Defendant Hbaiter hired Ms. Ulloa to work as a cashier at J&N Auto on or around October 1, 2020.

19. Ms. Ulloa's primary duties as a cashier were charging customers for automobile services, inspections, and repairs. She also sold drinks, snacks, and lottery tickets; filled drink and snack machines; cleaned and disinfected the office and bathroom; interpreted for customers and mechanics; and sold gasoline when a customer could not pay with a card at the pump.

20. Ms. Ulloa had a fixed schedule each week from 7 AM to 3 PM Mondays and Tuesdays, and 7 AM to 5 PM Wednesdays through Fridays, or 46 hours per week.

21. Ms. Ulloa was not provided a lunch break and the one time she attempted to take a lunch break in the back room, Defendant Hbaiter yelled at her.

22. Ms. Ulloa arrived each day at 6:40 AM and prepared the office for business before her scheduled shift (for example counting the cash in the register and recording the amount in the record book) and welcomed customers by 6:50 AM.

23. Defendant Hbaiter arrived each day at 7 AM and saw that Ms. Ulloa had the office cleaned, prepared, and open to customers.

24. Ms. Ulloa was paid $15 per hour for 46 scheduled hours each week. She was unpaid for 1.67 unscheduled hours she worked prior to the start of her shift.

25. Ms. Ulloa was not paid an overtime premium for hours over 40 each week.

26. Defendant Hbaiter paid Ms. Ulloa each week, partly by check and partly in cash.

27. From October 2020 to June 2021, Ms. Ulloa was paid 28 hours by check and 18 hours in cash.

28. Due to her dissatisfaction with the way she was being underpaid, Ms. Ulloa filed a claim for unemployment benefits in June 2021.

29. The payroll manager called Defendant Hbaiter to ask about the unemployment claim. Defendant Hbaiter told Plaintiff that he could get in trouble and now he would pay her 40 hours by check and 6 hours in cash.

30. Ms. Ulloa was fired without explanation on or around September 10, 2021.

31. Ms. Ulloa obtained a private right of action from the Attorney General of Massachusetts authorizing her to pursue her state law claims on February 9, 2022.

## Statement of Claims

### COUNT I
### 29 U.S.C. § 207, et seq.: FAILURE TO PAY FEDERAL OVERTIME

32. Plaintiff restates the allegations of this Complaint as if restated here.

33. Ms. Ulloa worked 47.67 hours per week for approximately 48 weeks.

34. Ms. Ulloa is a nonexempt employee under 29 U.S.C. § 213 and 29 CFR § 541 because she was paid per hour and her primary duties as a cashier did not involve discretion in matters of significance.

35. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at one-and-a-half times her regular hourly rate for hours worked in excess of 40 hours per week.

36. Defendants knew Ms. Ulloa worked 47.67 hours per week, including while she ate lunch, and intentionally paid her in cash for hours over 40 to avoid creating records inconsistent with their obligations under 29 U.S.C. § 207.

37. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

38. Plaintiff has been damaged by these violations of 29 U.S.C. § 207(a).

39. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of her unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## COUNT II
### M.G.L. c. 151 § 1A: FAILURE TO PAY STATE OVERTIME

40. Plaintiff restates the allegations of this Complaint as if restated here.

41. Ms. Ulloa was an employee under Massachusetts law entitled to overtime pay for hours over 40 because she did not meet the exemptions in M.G.L. c. 151 § 1A.

42. Defendants violated M.G.L. c. 151 § 1A by failing to pay Plaintiff overtime pay

43. Plaintiff has been damaged by Defendants' violation of M.G.L. c. 151 § 1A.

44. Pursuant to M.G.L. c. 151 § 1B, Defendants are liable to Plaintiff for the full amount of the overtime wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## COUNT III
### M.G.L. c. 149 § 148: NONPAYMENT OF WAGES

45. Plaintiff restates the allegations of this Complaint as if restated here.

46. Defendants violated M.G.L. c. 149 § 148 by failing to pay Ms. Ulloa for 1.67 hours per week "within seven days of the termination of the pay period during which the wages were earned," and in fact never paid her for these hours.

47. Plaintiff has been damaged by these violations of M.G.L. c. 149 § 148.

48. Defendants are liable to the Plaintiff pursuant to M.G.L. c. 149 § 150 for or the full amount of the unpaid wages, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

### Request for Relief

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

a. Judgement for actual monetary damages against Defendants in an amount sufficient to compensate her at the overtime premium rate for all hours of work she performed each week over 40.

b. Additional liquidated and treble damages for violations of the Massachusetts Wage Act and the Fair Labor Standards Act.

c. Costs of this action, including reasonable attorneys' fees; and

d. Such other relief as this Honorable Court shall deem to be equitable and just.

### Jury Demand

The Plaintiff hereby demands a TRIAL BY JURY as to each claim, count, and issue so triable.

April 21, 2022                                        Respectfully submitted,

                                                                        Evelin Ulloa

                                                                        By her attorney,

                                                                       **/s/ David McKenna**

                                                                       David McKenna
                                                                       Attorney
                                                                       BBO # 709473
                                                                       dmckenna@gbls.org
                                                                       Greater Boston Legal Services
                                                                       197 Friend St.
                                                                       Boston, MA 02114
                                                                       617-603-1703